S09Y0691. IN THE MATTER OF DAVID A. HARRIS.

(677 SE2d 131)

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline filed by the State Bar against Respondent David A. Harris. The State Bar alleges that Harris violated Rules 1.15 (I) and (II) and 9.3 of the Georgia Rules of Professional Conduct.[1] The maximum punishment authorized for violation of Rule 1.15 (I) or (II) is disbarment, and the maximum punishment authorized for violation of Rule 9.3 is a public reprimand.

The State Bar attempted to serve Harris personally at the address listed with the State Bar and at his residence address, but the sheriff filed a return of service non est inventus with respect to both attempts. The State Bar then properly served Harris by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii). Harris did not file a Notice of Rejection, and the State Bar filed a Motion for Default. Harris is in default. Accordingly, he has waived his right to an evidentiary hearing, and he is subject to discipline and further proceedings as determined by this Court.[2]

The facts — which are deemed admitted by virtue of Harris's default — show that in July and August 2007, the Office of General Counsel of the State Bar ("OGC") received written notice from

---

[1] See Bar Rule 4-102 (d).

[2] See Bar Rule 4-208.1 (b).

Wachovia Bank that three items totaling $32,692.64 presented on Harris's attorney trust account had been returned against insufficient funds. The OGC's Overdraft Coordinator corresponded with Harris. Harris claimed the overdrafts resulted from theft by an employee. However, he failed to provide the requested written documentation to support such a claim. On April 16, 2008, Harris accepted service of a Notice of Investigation. Harris did not respond, and he provided no documentation supporting his claims. On August 7, 2008, this Court suspended Harris from practice under Bar Rule 4-204.3 (d). The State Bar subsequently filed the Notice of Discipline.

We find no aggravating factors in this case. Nevertheless, we agree with the State Bar that disbarment is the appropriate discipline. Accordingly, the name of David A. Harris is hereby removed from the roll of attorneys authorized to practice law in the State of Georgia. We remind Harris of his continuing duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED MAY 18, 2009.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.